UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBINSON                                    CIVIL ACTION

VERSUS                                      NO: 09-5863

AETNA LIFE INSURANCE COMPANY                SECTION: "J" (3)
et al.

## ORDER AND REASONS

Defendants, Aetna and Capital One, filed a **Motion for Summary Judgment (Rec. Doc. 33)** and asked that Plaintiff's suit be dismissed and that Defendants be awarded their costs. Plaintiff, Sheila Robinson, submitted her own **Cross-Motion for Summary Judgment (Rec. Doc. 34)**. Both parties filed a **Response Memorandum in Opposition (Rec. Docs. 35 and 37)**.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff, Ms. Robinson, has been employed by Defendant Capital One, N.A. for twenty-five years, currently holding a position as a Banking Officer Balancer II, her job performed primarily while sitting. Through her employer, Ms. Robinson purchased benefits from a self-funded short-term disability

benefit plan ("Plan"), administered by Defendant Aetna. The Plan provides for disability benefits for employees who meet the Plan's definition of disability. The Plan's test of eligibility is as follows: the claimant must be unable to perform all of the material duties of his/her occupation because of a non-occupational disease or injury or because of a pregnancy-related condition. This test is met if the claimant is performing only some of the material duties of his/her occupation and the claimant's income is 80% or less of his/her pre-disability earnings solely because of the condition that caused the disability.

Ms. Robinson experienced several tragic events over the recent years. Her mother drowned during Hurricane Katrina, and she lost her brother during Hurricane Gustav. Ms. Robinson alleges that the stress rendered her incapable of performing the functions of her job. Ms. Robinson filed her claim for disability benefits under the Plan, claiming that she was absent from work as a result of a disability beginning on December 16, 2008. The following day, Aetna wrote a letter to Ms. Robinson explaining what steps Aetna would take in processing the claim, stating that it was Ms. Robinson's responsibility to ensure that all information, including any information requested from her

attending physician, is given promptly to Aetna. Aetna clarified that failure to provide the necessary information may result in the denial of benefits. On December 31, 2008 Aetna received an Attending Physician Statement from Dr. McCormick and a Behavioral Health Clinician Statement from Ms. Robinson's health care provider, Dr. Anders. The report did outline Ms. Robinson's symptoms, but Aetna concluded that the report did not address how her medical condition prevented her from performing her current job. Aetna acknowledged receiving the information in a letter to Ms. Robinson on December 31, 2008, but put her on notice that she needed to provide medical information establishing her disability within five days. When no further information was provided by Ms. Robinson, on February 3, 2009, Aetna wrote a letter to Ms. Robinson denying her claim. The letter explained that her claim had been denied because the supplied clinical information did not note any cognitive, behavioral, or emotional impairments that would preclude Ms. Robinson from working as a Banking Office Balancer. The letter also specified what type of information was needed to support her claim: her provider would need to submit clinical information with observable cognitive, emotional, and behavioral exam findings that would preclude Ms. Robinson from performing her job duties. Exam findings and observations may

include "examples of emotional dyscontrol, uncontrollable crying, and inability to compose self on own, emotional liability, impaired psychomotor activity, inability to care for self, and/or examples of impairments in focus, memory and concentration."

On February 4, 2009, Aetna received a Behavioral Health Clinician Statement and clinical notes from Dr. Linszky, a psychiatrist, concerning her evaluation of Ms. Robinson on February 3, 2009. Aetna addressed the February 3 evaluation, noting that there was not enough data for them to grant Plaintiff's claim. On April 1, 2009, Ms. Robinson appealed the denial of her claim. On or about May 14, 2009, Aetna received a letter from Ms. Robinson's attorney enclosing a letter dated May 6, 2009 from Dr. Linszky. Aetna again found that, while describing Ms. Robinson's complaints and stating that she "would benefit from a few weeks off from work," the letter provided no additional information that would support Ms. Robinson's claim. On May 13, 2009, Aetna submitted Ms. Robinson's file to an independent physician, Dr. Mendelssohn, Psy.D., for review. As a part of his review, Dr. Mendelssohn made three unsuccessful attempts to reach Dr. Linszky by telephone. On May 21, 2009, based on a review of the medical evidence submitted by Ms. Robinson, Dr. Mendelssohn concluded "the documentation did not

substantiate the claimant's inability to perform job duties in relation to impairment in psychological functioning." On May 29, 2009, Aetna sent a letter to Dr. Linszky concerning the efforts by Dr. Mendelssohn to contact her, enclosing the report from Dr. Mendelssohn. The letter requested that Dr. Linszky review Dr. Mendelssohn's conclusions and stated that if she disagreed and would like to participate in a peer-to-peer discussion, to contact Aetna to schedule the peer-to-peer discussion. Dr. Linszky never requested a peer-to-peer discussion, and never indicated any disagreement with Dr. Mendelssohn's report. Plaintiff submitted no additional information to support her claim. On July 15, 2009, Aetna sent to Ms. Robinson through her attorney a letter denying her appeal, stating there was insufficient medical evidence to support a functional impairment that would prevent Ms. Robinson from performing her material duties.

On August 24, 2009, Plaintiff filed this action against Aetna Life Insurance Company and Capital One, Inc. for short-term disability benefits under the Plan. Plaintiff alleges, and Defendants agree, that this action is governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et. seq. ("ERISA"). During the status conference held on May 19, 2010

counsel on both sides agreed that there will be no need for trial, and that this case should be decided on cross-motions for summary judgment (Rec. Doc. 32).

**THE PARTIES' ARGUMENTS**

In their Motion, Defendants aver that under the Plan, Aetna is appointed as the Claims Administrator for the short-term disability plan, which gives Aetna the discretionary power to handle claims and resolve appeals from the denial of claims. Decisions by Aetna interpreting the plan and denying a claim are reviewed under an arbitrary and capricious standard. <u>Wade v. Hewlett-Packard Development Company LP Short Term Disability Plan</u>, 493 F.3d 533 (5th Cir. 2007); <u>Ellis v. Liberty Life Assurance Company of Boston</u>, 394 F.3d 262 (5th Cir. 2005); <u>Baker v. Metropolitan Life Insurance Company</u>, 364 F.3d 624 (5th Cir. 2004).

Here, the Plan defines disability for the first 24-month period of disability as being unable to "perform all of the material duties of your own occupation because of a non-occupational disease or injury." Aetna denied Plaintiff's claim for disability benefits because Plaintiff failed to submit sufficient clinical medical evidence (i.e. documenting specific measurements of cognitive functioning or a clear description of

direct and observed behaviors to corroborate the presence of impairment in cognitive, emotional, or behavioral functioning of a degree of intensity or severity, etc.) to support a functional impairment which prevented Ms. Robinson from performing the material duties of her own occupation. Under the abuse of discretion standard, the reviewing court is limited to examining the evidence contained in the Administrative Record before the administrator. Jenkins v. Cleco Power, LLC, 487 F.3d 309, 314 (5th Cir. 2007); Vega v. National Life Ins. Services, Inc., 188 F.3d at 289, 299 (5th Cir. 1999). Aetna contends that the decision to deny Ms. Robinson's claim is consistent with the Plan requirements and is legally correct, is fully supported by the Administrative Record, and cannot, under any analysis, be considered an abuse of discretion.

Aetna further asserts that it has uniformly interpreted the Plan to require denial of benefits if the participant has not provided sufficient medical information establishing that the participant cannot perform all of the material duties of his or her own occupation. If Aetna, as the Claims Administrator, certified and paid disability benefits to claimants who failed to present medical evidence showing they cannot perform their occupation, Aetna would be in breach of its duty as a responsible

fiduciary under the Plan. Such conduct would result in benefits being paid to ineligible claimants and would incur significant and unnecessary additional costs to the Plan.

In her Cross-Motion, Plaintiff asserts that Aetna's denial of Ms. Robinson's appeal ignores the diagnosis of Dr. McMormick, the treatment notes and recommendations of Mike Anders, LCSW, as well as the report and recommendation letter of Dr. Csilla Linszky, all of which mark Ms. Robinson's psychological impairments and indicate her need for some time off from her employment. This information was provided by reports, notes, and a letter, just as Aetna requested in its original denial. Plaintiff argues that Aetna arbitrarily and capriciously chose to deny benefits even though they had sufficient records, notes and letters from healthcare providers that Ms. Robinson was suffering from depression, anxiety, migraines, and panic attacks. Plaintiff claims that in order to facilitate her treatment and recovery, it would be necessary that she take some period of time off of work. In her Opposition to Defendants' Motion, Ms. Robinson reiterates the same arguments she raised in her Cross-Motion, slightly modifying her version of the Statement of Uncontested Facts.

The Defendants' Opposition to the Plaintiff's Cross-Motion states that Ms. Robinson does not offer any citations or

arguments addressing the legal principles applicable to this case. Hence, Defendants urge this Court to adopt Defendants' legal analysis. Defendants also contend that Ms. Robinson adopted the Statement of Uncontested Facts submitted by Defendants in support of their Motion For Summary Judgment with a few exceptions. Defendants assert that Plaintiff points to nothing in the Administrative Record which is inconsistent with Aetna's decision. Plaintiff offered no medical evidence to establish through observable cognitive, emotional, and behavioral exam findings how her medical condition precluded her from performing her occupation. At most, Plaintiff points to her physician's diagnosis about the medical conditions she had complained about and her doctor's statement that she would "benefit from a few weeks off from work." In Defendants' view, the record fully supports Aetna's decision that Ms. Robinson had not established that she was disabled within the meaning of the Plan, and the decision cannot, under established principles, be considered an abuse of discretion.

## **DISCUSSION**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. [The courts] do not, however, in the absence of any proof, assume that the nonmoving

party could or would prove the necessary facts." Little, 37 F.3d at 1075 (emphasis in original) (citations omitted).

It is undisputed that the Plan in this case is an employee welfare benefit plan subject to the provisions of ERISA. Although ERISA does not set out the appropriate standard of review, there is a line of cases providing guidance on this issue. An action by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan are governed by 29 U.S.C. § 1132 (a)(1)(B). A plan administrator, such as Aetna, completes two tasks in making a benefit determination: (1) determining the facts underlying the benefit claim; and (2) construing the terms of the plan. Wade v. Hewlett-Packard Development Company LP Short Term Disability Plan, 493 F.3d 533, 537 (5th Cir. 2007). The administrator's factual determinations are reviewed for abuse of discretion. Id. (citing Chacko v. Sabre, Inc., 473 F.3d 604, 609-10 (5th Cir. 2006)). By contrast, the administrator's construction of plan terms is typically reviewed *de novo*. Id. (citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Where a plan expressly confers discretion on the plan administrator to construe the plan's terms, the administrator's construction is

reviewed for abuse of discretion. Id. at 537-38 (citing Chacko, 473 F.3d at 610; Firestone, 489 U.S. at 115; Gosselink v. AT&T, Inc., 272 F.3d 722, 726 (5th Cir. 2001); Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 295 (5th Cir. 1999) (*en banc*)).

Furthermore, the Fifth Circuit in Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 269-70 (5th Cir. 2004) outlined the two-step process for review of administrator's interpretation of a plan. First, this Court should determine whether the administrator's interpretation of the plan was legally correct. In answering this question, this Court should review (a) whether the administrator has given the plan a uniform construction, (b) whether the interpretation is consistent with a fair reading of the plan, and (c) any unanticipated costs resulting from different interpretations of the plan. Id. at 270. Only if the interpretation of the plan was legally incorrect should this Court proceed to step two-i.e., determining whether the administrator's decision was an abuse of discretion. Id. at 269-70.

Under the Plan in question, Ms. Robinson would meet the test of disability if she showed that she could not perform all of the material duties of her occupation because of a non-occupational disease or injury or because of a pregnancy-related condition.

Further, the Plan specifies that one is not performing the material duties of his/her occupation, if one is performing only some of the material duties of one's occupation; and one's income is 80% or less of one's pre-disability earnings solely because of the condition that caused such disability. Under the Ellis two-step analysis, it is necessary to determine whether Aetna correctly interpreted the Plan. As is evident from the sworn declaration of Kay Bryant and the whole administrative record compiled by Aetna, Defendants have given the Plan uniform construction. Plaintiff did not provide any evidence to disprove this. Further, Aetna's interpretation appears to be consistent with the fair reading of the Plan. Ms. Robinson was notified at the very beginning and on many occasions thereafter that, in order to get her benefits, she would have to ensure that Aetna has the requisite evidence of her claim. Finally, Defendants correctly point out that a different interpretation of the Plan would result in unanticipated costs. Payment of claims without proof of disability would be costly. Again, Plaintiff expresses her disagreement with the Defendants' analysis, but does not offer an alternative interpretation. She merely reiterates that she is entitled to benefits. Under the first step of Ellis, Aetna's interpretation of the plan is correct. This ends this

Court's inquiry.

Assuming, *arguendo*, that Aetna's interpretation of the Plan is incorrect, this Court's review of Aetna's factual determinations is under the highly deferential standard of abuse of discretion. Where an administrator's decision is "tainted by a conflict of interest," courts use a sliding scale standard of review. Id. at 538 (citing MacLachlan, 350 F.3d at 478). The standard of review remains abuse of discretion; the existence of a conflict of interest is simply a factor to be considered in determining whether the administrator abused its discretion. Id. (citing Vega, 188 F.3d at 296-97). Less deference is given to the Administrator, in proportion to the evidence of conflict. Id. Where "a minimal basis for a conflict is established, the decision is reviewed with 'only a modicum less deference than we otherwise would.'" Id. (citing Lain v. UNUM Life. Ins. Co. of Am., 279 F.3d 337, 343 (5th Cir. 2002); Vega, 188 F.3d at 301).

It does not appear that Plaintiff is contesting any terms of the Plan. Rather, Plaintiff merely asserts that Aetna should not have denied Ms. Robinson's claim. Thus, the applicable standard of review of Aetna's factual determinations is abuse of discretion. This standard is synonymous with the arbitrary and capricious review. Id. at 540-41 (citing Aboul-Fetouh v. Employee

14

Benefits Comm., 245 F.3d 465, 472 (5th Cir. 2001)). To assess abuse of discretion, this Court should "focus on whether the record adequately supports the administrator's decision." Id. at 541 (citing Vega, 188 F.3d at 298). On motion for summary judgment, the Administrator's decision will be reversed only if it is not supported by "substantial evidence in the administrative record, which is evidence that a reasonable mind might accept as sufficient to support a conclusion." Id. at 541 (citing High v. E-Systems, Inc., 459 F.3d 573, 576 (5th Cir. 2006)). In Ellis, the Fifth Circuit defined substantial evidence as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Ellis, 394 F.3d at 273). An administrator's decision is "arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." Id. (citing Meditrust Fin. Services Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 215 (5th Cir. 1999)). This Court should not substitute its judgment for that of the administrator. Id.

Aetna both administered the Plan and paid out the insurance benefits under the same policy. Thus, there existed a conflict of interest, which should be a factor for this Court to consider in

15

reviewing the denial of Plaintiff's claim. However, it is obvious from case law that Aetna's decision should be reviewed with "only a modicum less deference" than if there was no conflict of interest. The record reveals that Aetna made multiple attempts to obtain more substantiated medical information from Plaintiff. Plaintiff is correct in stating that her doctors submitted letters and reports in response to Aetna's inquiry. However, there is nothing in the record that would show how Ms. Robinson's condition would impact the material duties of her job.

Therefore, Defendants met their burden of demonstrating that there is an absence of genuine factual issues. The Plaintiff failed to show that there is a genuine issue of material fact in dispute. Accordingly, Defendants Aetna Life Insurance Company and Capital One's **Motion for Summary Judgment (Rec. Doc. 33)** is **GRANTED**. Plaintiff Sheila Robinson's **Motion for Summary Judgment (Rec. Doc. 34) is DENIED**.

New Orleans, Louisiana this 2nd day of July, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE